983 F.2d 1059
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Steve E. TUCKER, a/k/a Cebert Brown, Defendant-Appellant.
 No. 92-5047.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 13, 1992
Decided: December 23, 1992
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. John A. MacKenzie, Senior District Judge. (CR-91-53-NN)
 W. Mark Broadwell, Newport News, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Robert E. Bradenham II, Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 A jury convicted Steve E. Tucker on two counts of knowingly making false and fictitious oral and written statements to federally licensed firearms dealers in violation of 18 U.S.C.A. §§ 922(a)(6) & 924 (West 1985 and Supp. 1992), and two counts of receipt by a convicted felon of firearms which have been shipped and transported in interstate commerce in violation of 18 U.S.C.A.ss 922(g)(1) & 924 (West 1985 and Supp. 1992). Tucker appeals, contending that the evidence is insufficient to sustain his convictions. We find no merit to Tucker's claims; consequently, we affirm his convictions.
 
 
 2
 In January 1989, a man purchased two firearms from the Colony Pawn Shop in Newport News, Virginia. Paul Hansin, a federally licensed firearms dealer, was the manager on duty when the transaction occurred.[1] The purchaser completed ATF Form 4473, identifying himself as Cebert Brown, social security number tlg-kq-vpno and presented a driver's license with this name and social security number. Hansin said the picture on the license matched the purchaser. The purchaser indicated on the form that he had never been convicted of a crime punishable by imprisonment for a term exceeding one year. Hansin testified that he watched the purchaser complete the form. Both guns originated from outside Virginia.
 
 
 3
 In February 1989, a man bought four firearms from federally licensed firearms dealer Kenneth Wallace of Ken's Gun Shop in Newport News.[2] On ATF Form 4473, the purchaser identified himself as Cebert Brown, social security number tbw-gp-edrb and presented a driver's license with this name and social security number. Wallace testified that the picture on the license matched the purchaser. The purchaser indicated on the form that he had not been convicted in any court of a crime punishable by more than a year in prison. All four firearms purchased at Ken's Gun Shop were manufactured outside Virginia.
 
 
 4
 The social security number used by the man who identified himself as Cebert Brown does not exist. Fingerprints on the ATF form completed by the man identifying himself as Cebert Brown at the Colony Pawn Shop matched those of convicted felon, Steve E. Tucker. The address provided on the ATF form completed at Ken's Gun Shop matches Tucker's ex-wife's 1989 address; the address on the Colony Pawn Shop ATF form does not exist.
 
 
 5
 In July 1991, Tucker was indicted on two counts of knowingly making false statements to federally licensed firearms dealers in violation of 18 U.S.C.A. §§ 922(a)(6) & 924, and two counts of receipt of firearms by a convicted felon which have been shipped and transported in interstate commerce in violation of 18 U.S.C.A. §§ 922(g)(1) & 924, under the alias of Cebert Brown. Tucker's exwife, Debra Vande Mark, testified at the trial that on January 19, 1989, she drove Tucker to the Division of Motor Vehicles ("DMV") in Williamsburg, Virginia. She waited outside while he went in, and afterwards Tucker instructed her that she would receive a driver's license in the mail which she should mail to him in New York. DMV records show that Cebert Brown applied for a driver's license at the Williamsburg branch on January 19, 1989. Vande Mark testified that a driver's license issued to Cebert Brown arrived in her mail shortly thereafter. Tucker's picture was on the driver's license. Finally, she testified that the handwriting on the ATF forms completed by Cebert Brown matched Tucker's handwriting.
 
 
 6
 Tucker testified that he had visited Virginia in January 1989 with a man named Cebert Brown and several others. He claimed that he was with Brown when Brown purchased the guns at Colony Pawn Shop and that Tucker's fingerprints were on the ATF form because he helped Brown complete the form.
 
 
 7
 A criminal defendant may be convicted only upon proof beyond a reasonable doubt. In re Winship, 397 U.S. 358, 361 (1970). "The relevant question is not whether the appellate court is convinced of guilt beyond a reasonable doubt, but rather whether, viewing the evidence in the light most favorable to the government, any rational trier of facts could have found the defendant guilty beyond a reasonable doubt." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982) (emphasis in original).
 
 
 8
 The government's primary evidence consisted of the ATF form with Tucker's fingerprints on it, the ATF form on which Tucker's exwife's address was listed as the purchaser's address, and Vande Mark's testimony that Tucker obtained a Virginia driver's license under the name Cebert Brown. Tucker argues that the evidence was insufficient to convict him because Vande Mark was not a reliable witness, his fingerprints on the Colony Pawn Shop ATF form proved only that he touched the form, and Vande Mark's testimony that his handwriting appeared on both forms was insufficient because she was not a handwriting expert.
 
 
 9
 The credibility of witnesses is within the sole province of the jury and is not susceptible to review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989). Therefore, it was solely within the jury's discretion whether to believe Vande Mark's testimony that Tucker had obtained a driver's license under the alias Cebert Brown and that in her opinion the handwriting on the ATF forms completed by Cebert Brown matched Tucker's. Allowing the government the benefit of all reasonable inferences from the facts proven, Tresvant, 677 F.2d at 1021, a rational trier of fact could have concluded from Vande Mark's testimony, Tucker's fingerprints on one of the ATF forms completed under the name Cebert Brown, and Vande Mark's address on the other form, that Tucker had completed the forms.
 
 
 10
 Tucker also argues that the evidence was insufficient to find that he actually received the guns. The gun dealers testified that firearms purchased at their stores always were delivered to the person completing the ATF forms. This testimony in addition to the evidence showing that Tucker completed the forms is sufficient to support the finding that Tucker received the firearms in question.
 
 
 11
 Because there was sufficient evidence to support Tucker's convictions, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Mr. Hansin testified to these facts at trial based upon his normal business procedures and records rather than independent recollection
 
 
 [2]
 Mr. Wallace also testified based on his normal procedures and records rather than independent recollection